Bell, J.
It is contended by counsel for plaintiff that the motion to dismiss is an attempt to collaterally attack a judgment, and that defendant’s only recourse is to attack the judgment directly by petition. Defendant, on the other hand, contends that the judgment is void, and that it may, therefore, be attacked either collaterally or directly.
Were we of the opinion that the motion of defendant to dismiss the proceeding in aid is in fact an attack upon the judgment, we might then be confronted with the question whether the discharge in bankruptcy revoked the warrant of attorney previously given to confess judgment, and that the court was therefore without jurisdiction to enter the judgment. See Dye v. Bertram, 5 O. D. Rep., 508; 31 Ohio Jurisprudence (2d), 614, Section 146.
We do not, however, find in this proceeding an attack upon the validity of the judgment, as, apparently, the trial court did not so find. Here is merely an attempt by the plaintiff in an ancillary statutory proceeding to require the defendant to appear and answer concerning his property. The record in this proceeding reveals no attempt by the defendant to set aside the judgment or challenge its validity. He is simply attempting to show why he should not be required to pay it.
Had the defendant introduced a receipt for payment, the court properly would have dismissed the proceeding. Yet the validity of the judgment would not have been thereby attacked. Similarly, a discharge in bankruptcy issued by a federal court does not attack the validity of a judgment discharged thereby but, by operation of law, merely excuses the judgment debtor from legal liability on the obligation.
It is clear from the record in this case that the record of the court issuing the discharge in bankruptcy, herein called bankruptcy court, was properly authenticated, and we find no error in its admission as evidence.
It is so sufficiently settled as not to require citation of authority that, although a discharge in bankruptcy does not extinguish a debt, it does bar a remedy for the recovery of that *275 debt. The debt which defendant owes to plaintiff was listed by the former in the “statement of affairs” given by him to the bankruptcy court. Notice of the discharge of such debt, according to the bankruptcy court’s entry of discharge, was given, and no objection to the discharge was filed. We do not believe it is within the spirit of the bankruptcy laws to permit a creditor to hold back and suffer the discharge of a debt and later recover the discharged debt by taking a summary judgment on the evidence of the debt. If the debt which is evidenced by the note is not such as was dischargeable in bankruptcy, that question might have been raised in the bankruptcy court or in a suit upon the debt in a state court.

Judgment affirmed.

Wetgandt, C. J., Zimmerman, Stewart, Taft, Matthias and Herbert, JJ., concur.